UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE TURNER,

               Plaintiff,

-against-

LUXOTTICA RETAIL NORTH AMERICA INC., et al.,

               Defendants.

1:23-CV-8649 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    On May 11, 2023, the United States District Court for the Northern District of Texas held, in *Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-0989-G-BK (N.D. Tex. May 11, 2023), that *pro se* Plaintiff Terrance Turner was barred from filing future civil actions *in forma pauperis* ("IFP") in the Northern District of Texas, or in "any other federal court," without first obtaining leave of court to do so.[1] On October 2, 2023, Plaintiff filed five civil actions in this court, including this one.[2] Because the May 11, 2023 order requires Plaintiff to obtain leave of court before bringing a

---

[1] Plaintiff has filed more than 60 lawsuits throughout the United States during the last two years, which have generally been characterized as "both delusional and deficient," and "illogical and unintelligible." *Turner v. FDA*, No. 3:23-CV-098607-X-BK, 2023 WL 4109782, at *1-2 (N.D. Tex. June 1, 2023), *report & recommendation adopted*, 2023 WL 4109721 (N.D. Tex. June 21, 2023) (dismissing 16 consolidated actions). Although the Court does not reach the merits of this action, it also appears to be part of this vexatious pattern and, thus, an abuse of the privilege of proceeding IFP.

[2] In one of the other five civil actions filed in this court, the Court directed Plaintiff to show cause why the May 11, 2023 bar order, issued by the Northern District of Texas, should not apply to any civil action that he brings in this court IFP. *See Turner v. Automobili Lamborghini Am.*, ECF 1:23-CV-8646, 4 (S.D.N.Y. Oct. 20, 2023). Plaintiff filed a response on November 13, 2023, ECF 1:23-CV-8646, 5, but it failed to show that there was any reason not to enforce the bar order from the Northern District of Texas as to any of Plaintiff's civil actions filed IFP in this court after May 11, 2023. By order dated November 28, 2023, the Court dismissed that other action under the bar order. ECF 1:23-CV-8646, 6.

new civil action IFP, and because he did not do so with respect to this action, the Court dismisses this action without prejudice. *Turner*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023).

## CONCLUSION

The Court dismisses this action without prejudice because Plaintiff failed to comply with the May 11, 2023 order of the United States District Court for the Northern District of Texas, which requires him to first obtain leave of court before bringing a new civil action IFP in any federal court. *See Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-0989-G-BK (N.D. Tex. May 11, 2023).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   December 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge